UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
DACE SMITH,

                              Plaintiff,

                                                  Civ. No. 9:03-CV-1233
       v.                                                (TJM/RFT)

DR. HAIDER-SHAH, Facility Physician;
S. MARTIN-KARAS.,

                              Defendants.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**APPEARANCES:**                                           **OF COUNSEL:**

DACE SMITH
Plaintiff, *Pro Se*
278 Chauncey St. #2R
Brooklyn, New York 11123

HON. ELIOT J. SPITZER                          MICHAEL G. McCARTIN, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On October 9, 2003, Dace Smith filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. At the time, he sought, and the Court granted, his Application for *In Forma Pauperis* status, and further ordered that Summonses be issued and forwarded to the United States Marshals Service, along with copies of the Complaint, for service on the Defendants. Dkt. No. 2, App.; Dkt. No. 5, Order, dated October 22, 2003. We also instructed the Clerk of the Court, as a courtesy, to forward a copy of such Order to the Attorney General of the State of New York. Thereafter, Summonses were accordingly issued. *See* Docket Report, entry dated Apr. 13, 2004. Then, on April 19, 2004, the U.S. Marshals Service notified Plaintiff that he

failed to provide USM-285 Forms and that service could not be attempted until such forms were received.[1]  Dkt. No. 9.

On September 20, 2004, nearly one year after Plaintiff initiated this action, Defendants moved to dismiss the Complaint, pursuant to FED. R. CIV. P. 12(b)(2), on the basis that the Court lacks personal jurisdiction over the Defendants due to Plaintiff's failure to timely effectuate service of process.  Dkt. No. 10.  To date, Plaintiff has failed to respond to the Motion.

Under FED. R. CIV. P. 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period.  Specifically, the plaintiff must effectuate service of process within 120 days of the filing of the complaint.  FED. R. CIV. P. 4(m).[2]  Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, to dismiss the case **without prejudice** as to that defendant.  *Id*. (emphasis added).  In light of the fact that almost two years have elapsed since the filing of this action and Plaintiff has yet to effectuate service of process on the named Defendants, nor has he taken any initiatives to effectuate such service, we find that the Court has not obtained the requisite jurisdiction over the Defendants, and accordingly recommend **dismissal** of the Complaint, which, under such circumstances, would be **without prejudice**.

---

[1] USM-285, entitled "Process Receipt and Return," is the form utilized by the Marshals Service in effectuating service of process.  *See* United States Marshals Service website, *available at* http://www.usmarshals.gov/process/index.html (last visited Aug. 4, 2005).  An inmate seeking to file a civil action in federal court is provided with an instruction packet, which contains, *inter alia*, a memorandum from the Clerk of the Court explaining how to fill out the USM-285 form.  *See* United States District Court, Northern District of New York website forms page, *available at* http://www.nynd.uscourts.gov/forms.htm (last visited Aug. 4, 2005).

[2] Under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days.  N.D.N.Y.L.R. 4.1(b).

*See* FED. R. CIV. P. 4(m).  However, in light of the fact that Plaintiff has failed to take any action in this case since the inception of his action, we find that Plaintiff has failed to effectively prosecute this action and that such inaction and idleness may properly be deemed as an abandonment of his claims.  *See* N.D.N.Y.L.R. 41.2 ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *see also* FED. R. CIV. P. 41(b).  As such, in accordance with the Federal Rules of Civil Procedure, we recommend **dismissal** of Plaintiff's claims **with prejudice**.  FED. R. CIV. P. 41(b) (stating that a dismissal for failure to prosecute operates as an adjudication on the merits).

**WHEREFORE**, after due deliberation, it is hereby

**RECOMMENDED**, that the Defendants' Motion to Dismiss (Dkt. No. 10) be **granted** and, pursuant to FED. R. CIV. P. 4(m), the Complaint be dismissed **without prejudice** due to the Plaintiff's failure to timely effectuate service on the named Defendants; and it is further

**RECOMMENDED**, in the alternative, that Defendants' Motion to Dismiss (Dkt. No. 10) be **granted** and, pursuant to FED. R. CIV. P. 41(b), the Complaint be dismissed **with prejudice** due to the Plaintiff's apparent abandonment of his action as evidenced by his failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties at the addresses listed above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report to the **U.S. DISTRICT JUDGE** assigned to this case.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT TO THE U.S. DISTRICT JUDGE WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health and Human Servs.* 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

SO ORDERED

Date:  August 5, 2005
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge